IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, | ) |
|              Plaintiff, | ) 2:05-cv-1701-GEB-GGH-P ) |
|       v. | ) ORDER[*] ) |
| JEANNE WOODFORD, Director of the California Dept. of Corrections, et al., | ) ) ) ) |
|             Defendants. | ) ) |

     Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. By an order filed September 2, 2005, the Magistrate Judge construed a letter sent by Plaintiff as a motion for a temporary restraining order ("TRO"). On September 20, 2005, the Magistrate Judge filed findings and recommendations ("F&Rs"), which were served on all parties, on Plaintiff's motion for a TRO.

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

The F&Rs recommend granting Plaintiff's TRO. But for the reasons that follow it is denied.

### Legal Standard

The standard for granting a TRO is similar to that for granting a preliminary injunction. Cf. Los Angeles Unified Sch. Dist. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981) (standard for preliminary injunction is at least as strict as that for a TRO) (Ferguson, J., dissenting). The Ninth Circuit has set forth the standard for granting a preliminary injunction, and consequently a TRO, as follows: the moving party must show "either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in [its] favor." Preminger v. Principi, No. 04-16981, 2005 WL 2036914, at *4 (9th Cir. Aug. 25, 2005)(quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001))(internal quotation marks omitted).

The alternative formulations do not constitute two separate tests, rather they "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994) (quoting United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174 (9th Cir. 1987))(internal quotation marks omitted). Therefore, both formulations require the Court "to assess the potential merits of the parties' positions and the harm or hardship that they will face from a grant or denial of the [TRO]. Preminger, 2005 WL 2036914, at *4 (citing Sammartano v. First Judicial Dist. Ct., 303 F.3d 964, 965 (9th Cir. 2002)). Along the sliding scale, however, there is one irreducible minimum that every moving

party must show--that "there exists a significant threat of irreparable injury."  Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

<u>Discussion</u>

The pending application for a TRO stems from Plaintiff's letter filed September 1, 2005, wherein he requests that the court "issue an emergency restraining order . . . to not transfer [him] again, at least until all of [his] injuries are treated."  (Pl.'s Sept. 1, 2005, Letter.)  Plaintiff argues that transferring him to another prison is a ploy by "prison staff . . . so they wont [sic] have to treat [his] injuries . . . [and so that they can] save the $100,000.00 it will cost for all [his] surgeries."  (Id.)  But Plaintiff has not shown a significant threat of irreparable injury if his TRO motion is denied.

Plaintiff's letter indicates that the transfer he anticipates, and seeks to enjoin, remains uncertain and unscheduled. Plaintiff refers to the transfer as something the "prison staff are planning."  (Pl.'s Sept. 1, 2005, Letter; Pl.'s Sept. 2, 2005, Letter.)  Although Plaintiff states "the Unit Classification Committee (U.C.C.) ordered" his transfer,  (Pl.'s Sept. 9, 2005, Letter), the referenced "order" is a recommendation to transfer Plaintiff which has been forwarded to the Classification Staff Representative ("CSR"). (Decl. Jodie A. Schwab at ¶ 12 and Attach. A.)  Approval by the CSR is required by prison regulations before Plaintiff can be transferred. (Id. at ¶ 13.)  No evidence in the record indicates that the CSR has approved, or will approve, his transfer.  Nor is there evidence that Plaintiff will be exposed to a significant threat of being transferred during the time that the TRO Plaintiff requests would be in effect.

Since Plaintiff's concern about a possible transfer has not been shown to constitute a significant threat of irreparable harm, his request for a TRO is denied.

Dated:  September 29, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge