1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,

      Plaintiff,               No. CIV S-05-1701 GEB GGH P

    vs.

JEANNE WOODFORD, et al.,

      Defendants.         ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a November 27, 2006, request for medication, as well as May 11, 2007, request for an "emergency" temporary injunction, followed by a May 14, 2007, to deem that request moot.

        On November 27, 2006, plaintiff filed a one-page letter, claiming that an unnamed "corrupt nurse" had confiscated his medications, apparently because plaintiff kept writing Dr. Lee, the Chief Medical Officer at SVSP.  Plaintiff alleged that he had been without his medications for two weeks, was suffering severe chest pains, bleeding rectally and spitting up blood.  Plaintiff claimed that he would not be able to survive much longer, averring that he was "not making any of this up."  Although plaintiff stated that he could prove all that he claimed, he failed to attach any supporting evidence for his dramatic claims.

A review of the docket of this case reveals that plaintiff has made a number of histrionic allegations, frequently threatening suicide, due to his alleged mistreatment by various individuals at Mule Creek State Prison and now at Salinas Valley State Prison. It also reveals that this court has been diligent in addressing plaintiff's frequent requests. See, e.g. Order, filed August 28, 2006, wherein the court summarized the background of this litigation.

Plaintiff's motion for a temporary restraining order was denied by Order, filed on September 30, 2005; a subsequent motion for a preliminary injunction was denied on December 21, 2005; a later motion for a preliminary injunction was denied by Order, filed on March 14, 2007. Because plaintiff's demanding and too often hysterical filings were so voluminous, plaintiff was limited to having one properly filed motion before the court for which he must await a ruling before filing another, absent an emergency for which he must provide evidence of a good faith basis. See Order, filed on 8/28/06, pp. 7, 14. Plaintiff has not made such a showing in this inappropriate letter request, wherein plaintiff makes no effort to provide any evidence to support the claims, then or at a later time. The request will be denied without prejudice.

As an addendum, the court notes that plaintiff recently filed a request, on May 11, 2007, for an "emergency" temporary injunction, averring that he was once again being put up for transfer and seeking to stay at SVSP until he completed medical treatment for his neck and back, now contradictorily contending that he had "received excellent medical care at SVSP." This request was almost immediately followed by another letter, filed on May 14, 2007, seeking to withdraw the immediately preceding request because Dr. Lee had placed a six-month medical hold on plaintiff in order to address plaintiff's medical needs further. On May 29, 2007, plaintiff did yet another turn-about, filing a request, couched in the most frantic terms, for the court to issue a temporary hold because he believes himself to be subject to an immediate transfer which will place his life in "grave and imminent danger," due to a valley fever at Corcoran because of his heart condition and spinal stenosis. This transfer is to occur despite an order issued by Dr. Lee, the Chief Medical Officer that plaintiff cannot be transferred there. Once again, plaintiff

fails to include any supporting documentation whatsoever; he makes no showing whatever that his transfer is imminent or that Dr. Lee has actually issued the order or recommendation that he not be transferred to Corcoran due to plaintiff's medical condition. Plaintiff has been cautioned that he must have a good faith basis for filing an emergency request; he has not hereby made the showing requisite for the court even to order a response by defendants.

Accordingly, IT IS ORDERED that:

1. Plaintiff's letter request, filed on November 27, 2006, to have certain medications returned to him is denied without prejudice.

2. Plaintiff's May 14, 2007, request that his request for a temporary injunction be withdrawn is granted, and the May 11, 2007, request for an "emergency" temporary injunction is denied as moot.

3. Plaintiff's May 29, 2007, unsupported request for the court to issue an order for a temporary hold upon his transfer is denied without prejudice.

DATED: 6/5/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cons17 01.rdo