IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,

    Plaintiff,                    No. CIV S-05-1701 GEB GGH P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.                ORDER &

                              /        FINDINGS AND RECOMMENDATIONS

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) defendant's Bradley Williams' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b), filed on September 13, 2006, to which plaintiff filed an opposition on September 20, 2006; defendant's reply was filed on September 22, 2006; 2) defendant Bradley Williams' motion to vacate the scheduling order;[1] 3) the second request of defendants Arnold, Reyes, Marshall, Hernandez, Campbell, Smith, Williams and Tilton to extend the dispositive pretrial motion filing deadline, filed May 30, 2007.

---

[1] Defendant Bradley Williams' motion to compel discovery responses, filed on March 8, 2007, will not be adjudicated until the district judge has issued an order with regard to this defendant's motion to dismiss addressed herein.

<u>First Amended Complaint</u>

Included here are the allegations of the amended complaint as set forth previously by the court:

> [P]laintiff alleges that in January 2000, he suffered a serious knee injury in the prison laundry that has never been treated properly. First Amended Complaint (FAC), p. 3. Due to the defendants' deliberate indifference to, and long delay in, treating this serious injury, plaintiff now needs an artificial joint replacement in that knee. <u>Id</u>.
>
> In November of 2001, plaintiff suffered a serious back injury in the prison laundry while at work, which has never been properly treated primarily because defendant Hernandez, Warden at R. J. Donovan Correctional Facility, had plaintiff transferred "illegally" in 2004 despite a medical hold placed on plaintiff. FAC, p. 4. The transfer was in retaliation for plaintiff's having exposed the physical and sexual abuse of mentally ill inmates. <u>Id</u>. Defendant Hernandez placed plaintiff in administrative segregation for over three months on false charges that were never adjudicated and had plaintiff transferred without a hearing in violation of due process. <u>Id</u>.
>
> On April 15, 2002, plaintiff sustained a third injury in the prison laundry, tearing the rotator cuff in his right shoulder, an injury which has never been treated. Defendant Dr. Bradley Williams, a doctor at Doctor's Hospital at Manteca, under contract with Mule Creek State Prison (MCSP), delayed, and ultimately denied, treatment, ordering in the interim costly and unnecessary tests. <u>Id</u>.
>
> Following plaintiff's "illegal" transfer, on January 26, 2004, to Folsom State Prison, he was transferred by the end of March, 2004 to CMC-E, a "supposed" medical treatment facility, when authorities at Folsom realized how much medical treatment plaintiff needed. <u>Id</u>. Defendant Marshall, Warden of CMC-E, had plaintiff transferred "illegally" to MCSP on August 11, 2004, by "falsifying" a CDC 1845 form. <u>Id</u>.
>
> In the year plaintiff has been transferred to MCSP, plaintiff has received constant threats of a retaliatory transfer for continuing to complain about not receiving adequate medical care. <u>Id</u>. As of August 2005, five surgical procedures have been approved and scheduled for plaintiff. <u>Id</u>. On August 2, 2005, when plaintiff appeared before the Unit Classification Committee (UCC), he was told he would remain at MCSP for another year; shortly thereafter, defendants Arnold, Reyes, Smith and Brett Williams "decided to get rid of plaintiff" despite his pending surgical procedures. <u>Id</u>. Defendant Campbell, Warden of MCSP, has failed to protect plaintiff from this retaliatory action. <u>Id</u>. The anticipated transfer

```
                is also an effort by MCSP to avoid spending the $100,000 cost for
                all of plaintiff's surgeries.  Id.  Defendant Woodford has approved
                all of plaintiff's transfers.  FAC, p. 5.  Plaintiff seeks both
                injunctive relief and monetary damages.
```

See Order & Findings and Recommendations, filed on September 20, 2005, pp. 2-3; see also, Order & Findings and Recommendations, filed on October 27, 2005, adopted by Order, filed on December 21, 2005; and see Order, filed on August 28, 2006.

Motion to Dismiss

      Defendant Dr. Bradley Williams has moved to dismiss, pursuant to Fed. R. Civ. P. 12 (b)(6), on the ground that plaintiff fails to state a claim upon which relief can be granted as to plaintiff's allegations against defendant Bradley Williams based on the Eighth Amendment.[2] Motion to Dismiss (MTD, p. 1).  In doing so, defendant quotes the specific allegations that plaintiff makes against him in the first amended complaint, filed on September 13, 2005:

```
                On April 15, 2002, Petitioner [sic] fell in the prison laundry and
                tore the rotator cuff in his right shoulder.  To this day, that injury
                has never been treated.  Defendant Bradley Williams, M.D., an
                outside doctor a[t] Doctor's Hospital in Manteca, who was
                contracted by MCSP to treat Plaintiff's knee and shoulder injury,
                delayed treatment by ordering unnecessary tests which bilked the
                taxpayers, and when those unnecessary tests were done, Defendant
                Bradley Williams, M.D. refused to finish the job he was contracted
                for.
```

MTD, pp. 2-3, quoting first amended complaint (FAC), p. 4.

      *Legal Standard for Motion to Dismiss*

      In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief about the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 2007 WL 1461066 * 8 (2007). "The pleading must

---

[2] The remaining defendants, Arnold, Campbell, Hernandez, Marshall, Reyes, Smith, Tilton, and Brett Williams, have filed an answer, on September 27, 2006, to the operative first amended complaint, pursuant to the court's order, filed on August 28, 2006.

3

contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Legal Standard for Eighth Amendment Claim*

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

4

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837,

114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant."  McGuckin, 974 F.2d at 1061.

\\\\\

*Discussion*

Defendant Williams[3] contends that plaintiff's allegations with regard to delayed medical treatment as set forth above simply do not rise to the level of a violation of the Eighth Amendment. MTD, p. 7. In opposition, plaintiff maintains that defendant Williams' action or inaction in refusing to "complete plaintiff's surgery," resulted in his suffering two years of "very excruciating pain." Opposition (Opp., p. 2). In his reply, defendant Williams' accurately points out that plaintiff in his opposition goes far afield in accusing him of having "bilked" the state's taxpayers by ordering unnecessary tests and of having used plaintiff as a "pawn." Reply, p. 1. Nevertheless, plaintiff, on the face of it, has made allegations sufficient to withstand a motion to dismiss under Fed. R. 12(b)(6), in claiming a violation of plaintiff's right to adequate medical care under the Eighth Amendment by this defendant when he alleges that defendant Williams has subjected him to two years or more of excruciating pain (in the rotator cuff of his right shoulder) due to a lack of medical treatment. Plaintiff's undeveloped and somewhat vaguely supported allegations, notwithstanding his as yet unfulfilled promise that he can provide "overwhelming evidence" (Opp., p. 1) to substantiate his claims, does not strongly suggest that such claims would be so likely to withstand a motion for summary judgment, pursuant to Fed. R. Civ. P. R. 56, because superimposed on the Eighth Amendment standards set forth above is the fact that in cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988). Thus, although there may be subsidiary issues of fact in dispute, unless plaintiff can provide expert evidence that the treatment he received equated with deliberate indifference thereby creating a material issue of fact, on a motion for summary judgment, judgment should be entered for

---

[3] Although there is another defendant B. Williams in this action, for simplicity's sake the court will refer to Dr. Bradley Williams for the purposes of this discussion concerning only Bradley Williams as defendant Williams.

defendants.  The dispositive question on a motion for summary judgment motion is ultimately <u>not</u> what was the most appropriate course of treatment for plaintiff, but whether the failure to timely give a certain type of treatment was, in essence, criminally reckless.

Because, however, plaintiff's allegations are adequate to meet the requirements to frame an Eighth Amendment allegation as to defendant Williams, the court will recommend that the motion to dismiss be denied.

<u>Defendant Bradley Williams' Motion to Vacate Scheduling Order</u>

On May 7, 2007, defendant Williams brought a motion to vacate the scheduling order on the ground that the current dispositive motion deadline would require that defendant to file an answer and motion for summary judgment before the court had an opportunity to adjudicate defendant's 12(b)(6) motion.   The scheduling order, filed on November 29, 2006, set the deadline for the filing of pretrial motions on or before May 4, 2007.  On April 24, 2007, the court granted the defendants who had filed an answer an extension of time until May 31, 2007, to file a dispositive motion, in response to their request, filed April 18, 2007.

As to defendant Bradley Williams, while the court herein recommends denial of his motion pursuant to Fed. R. Civ. P. 12(b)(6), the motion's outcome remains pending the order of the district judge.  Therefore, as to defendant Bradley Williams only, the court will vacate the dispositive motion deadline.  As to the remaining defendants' deadline for filing a motion for summary judgment, they now seek a second extension of time until June 15, 2007, which the court will grant.  No additional request for an extension of time will be considered.

The court will vacate the deadline set for the pretrial conference, the time for filing pretrial statements and for jury trial for all parties at this time.  Once defendant Bradley Williams' motion to dismiss is fully adjudicated, if appropriate, a dispositive motion deadline as to this defendant will be re-set.  As to the answering defendants, once a timely motion for summary judgment is adjudicated, the pretrial conference and jury trial dates will be re-set, if appropriate.  If a motion for summary judgment is not timely filed, on or before June 15, 2007,

by the answering defendants, new dates will be set for the pretrial conference and trial at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. As to defendant Bradley Williams, the May 7, 2007, motion to vacate the scheduling order is granted, as set forth above;

2. As to the answering co-defendants, their May 30, 2007, second request for an extension of time is granted, and the dispositive motion deadline is now June 15, 2007; no further extension of time will be granted; and

3. As to all parties, the deadlines set in the scheduling order, filed on November 29, 2006, for the pretrial conference, the filing of pretrial statements and for the jury trial, are vacated, to be re-set, if appropriate, as set forth above; and

IT IS RECOMMENDED that defendant Bradley Williams' motion to dismiss, filed on September 13, 2006, be denied, and that defendant Williams be directed to file an answer within twenty days of the adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/5/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009 - cons1701.ofr